PROSKAUER ROSE LLP
Steven D. Hurd
Harris M. Mufson
Eleven Times Square
New York, New York 10036
T: 212.969.3000
F: 212.969.2900
shurd@proskauer.com
hmufson@proskauer.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CARLOS FLORES, HERMELINDO TENDILLA, RAFAEL ALDAPE, and FRANCISCO DELAROSA-ATLATENCO, on behalf of themselves and all others similarly situated,** <br><br> **Plaintiffs,** <br><br> -against- <br><br> **ONE HANOVER, LLC, PETER POULAKAKOS and HARRY POULAKAKOS,** <br><br> **Defendants.** | **No. 13 CV 5184 (ECF)** <br><br><br> **DEFENDANTS ONE HANOVER, LLC, PETER POULAKAKOS AND HARRY POULAKAKOS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendants One Hanover, LLC, Peter Poulakakos and Harry Poulakakos (collectively, "Defendants"), by and through their attorneys, Proskauer Rose LLP, for their answer and affirmative defenses to Plaintiffs' Carlos Flores, Hermelindo Tendilla, Rafael Aldape, and Fracisco Delarosa-Atlatenco (collectively, "Plaintiffs") Complaint, in paragraphs numbered to correspond with the actual numbers in the Complaint itself, state as follows:

## NATURE OF THE ACTION

1.      Defendants deny each and every allegation set forth in Paragraph 1 of the Complaint, except admit that Harry's Steak House restaurant ("Harry's") is located at 1 Hanover Square/93 Pearl Street, New York, New York 10004, and that Plaintiffs allege that this lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated tips, unlawful deductions, and other wages for Plaintiffs and their purportedly similarly situated co-workers – "tipped workers."

2.      Defendants deny each and every allegation set forth in Paragraph 2 of the Complaint, except admit that Harry's is owned by One Hanover, LLC and that Peter Poulakakos maintains an ownership interest in Harry's.

3.      Defendants deny each and every allegation set forth in Paragraph 3 of the Complaint, except refers to http://harrysnyc.com/about.cfm for the most accurate description of its contents.

4.      Defendants deny each and every allegation set forth in Paragraph 4 of the Complaint, except admit that Harry's considered itself two separate restaurants within the same physical location from in or around 2006 until 2011, that Harry's maintained a "Café area" and a "Steakhouse area" from in or around 2006 until 2011, the "Café area" and "Steakhouse area" maintained different menus and hours of operation from in or around 2006 until 2011, the "Café area" and "Steakhouse area" shared a kitchen and some employees.

5.      Defendants deny each and every allegation set forth in Paragraph 5 of the Complaint, except admit that Harry's has maintained offices at 1 Hanover Square/93 Pearl Street.

6.      Defendants deny each and every allegation set forth in Paragraph 6 of the Complaint.

7.      Defendants deny each and every allegation set forth in Paragraph 7 of the Complaint.

8.      Defendants deny each and every allegation set forth in Paragraph 8 of the Complaint.

9.      Defendants deny each and every allegation set forth in Paragraph 9 of the Complaint.

10.      Defendants deny each and every allegation set forth in Paragraph 10 of the Complaint.

11.      Defendants deny each and every allegation set forth in Paragraph 11 of the Complaint.

12.      Defendants deny each and every allegation set forth in Paragraph 12 of the Complaint.

13.      Defendants deny each and every allegation set forth in Paragraph 13 of the Complaint.

14.      Defendants deny each and every allegation set forth in Paragraph 14 of the Complaint.

15.      Defendants deny each and every allegation set forth in Paragraph 15 of the Complaint.

16.      Defendants deny each and every allegation set forth in Paragraph 16 of the Complaint, except admit that Plaintiffs bring this action pursuant to 29 U.S.C. § § 201 *et seq.* ("FLSA").

17.    Defendants deny each and every allegation set forth in Paragraph 17 of the Complaint, except admit that Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure and NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

## THE PARTIES

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny each and every allegation set forth in Paragraph 19 of the Complaint, except admit that Carlos Flores was employed by One Hanover, LLC from April 13, 2009 until June 30, 2013.

20.    Defendants deny each and every allegation set forth in Paragraph 20 of the Complaint, except admit that Carlos Flores was employed by One Hanover, LLC as a server at Harry's from April 13, 2009 until 2011, and that during that time Flores worked as a server predominantly in the Steakhouse area and occasionally within the Café area.

21.    Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint.

22.    The allegations in Paragraph 22 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.   To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 22 of the Complaint.

23.    Paragraph 23 of the Complaint requires no response.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny each and every allegation set forth in Paragraph 25 of the Complaint, except admit that Hermelindo Tendilla was employed by One Hanover, LLC from March 23, 2009 through the present.

26.     Defendants deny each and every allegation set forth in Paragraph 26 of the Complaint, except admit that Hermelindo Tendilla was employed by One Hanover, LLC as a cook from March 23, 2009 until April 5, 2009.

27.     Defendants deny each and every allegation set forth in Paragraph 27 of the Complaint, except admit that Hermelindo Tendilla was employed by One Hanover, LLC as a busser at Harry's from April 5, 2009 through September 25, 2011.

28.     Defendants deny each and every allegation set forth in Paragraph 28 of the Complaint, except admit that Hermelindo Tendilla has been employed by One Hanover, LLC as a barback from September 26, 2011 through the present.

29.     The allegations in Paragraph 29 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.   To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint requires no response.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint, except admit that One Hanover, LLC employed Rafael Aldape as a runner and a busser, and that Rafael Aldape was employed from October 31, 2006 until August 18, 2013.

33.     Defendants deny each and every allegation set forth in Paragraph 33 of the Complaint.

34.     The allegations in Paragraph 34 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint requires no response.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint, except admit that Francisco Delarosa-Atlatenco has been employed by One Hanover, LLC as a busser from December 6, 2011 to the present.

38.     The allegations in Paragraph 38 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint requires no response.

40.     Defendants deny each and every allegation set forth in Paragraph 40 of the Complaint.

41.     Defendants deny each and every allegation set forth in Paragraph 41 of the Complaint.

42.     Defendants deny each and every allegation set forth in Paragraph 42 of the Complaint.

43.     Defendants deny each and every allegation set forth in Paragraph 43 of the Complaint.

44.     Defendants deny each and every allegation set forth in Paragraph 44 of the Complaint.

45.     Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint, except admit that One Hanover, LLC has owned and/or operated Harry's from 2006 to the present.

46.     Defendants deny each and every allegation set forth in Paragraph 46 of the Complaint, except admit that One Hanover, LLC is a domestic limited liability company existing under the laws of New York.

47.     Defendants deny each and every allegation set forth in Paragraph 47 of the Complaint, except admit that One Hanover, LLC maintains an office located at 1 Hanover Square/93 Pearl Street, New York, New York 10004.

48.     Defendants admit the allegations set forth in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Defendants deny each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Defendants deny each and every allegation set forth in Paragraph 51 of the Complaint.

52.     Defendants deny each and every allegation set forth in Paragraph 52 of the Complaint, except admits that from 2006 to the present, One Hanover's annual gross volume of sales has exceeded $500,000.

53.     Defendants deny each and every allegation set forth in Paragraph 53 of the Complaint, except admit that Peter Poulakakos has maintained an ownership interest in Harry's since May 2006.

54.     Defendants deny each and every allegation set forth in Paragraph 54 of the Complaint.

55.     Defendants deny each and every allegation set forth in Paragraph 55 of the Complaint, except admit that Peter Poulakakos is a member of One Hanover, LLC and Peter Poulakakos is identified as a "Principal" of One Hanover on the active New York State Liquor Authority License for Harry's.

56.     The allegations in Paragraph 56 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.   To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 56 of the Complaint.

57.     Defendants deny each and every allegation set forth in Paragraph 57 of the Complaint, except admit that Peter Poulakakos has had the ability to hire and fire employees at Harry's.

58.     Defendants deny each and every allegation set forth in Paragraph 58 of the Complaint.

59.     Defendants deny each and every allegation set forth in Paragraph 59 of the Complaint.

60.     Defendants deny each and every allegation set forth in Paragraph 60 of the Complaint.

61.     Defendants deny each and every allegation set forth in Paragraph 61 of the Complaint.

62.     Defendants deny each and every allegation set forth in Paragraph 62 of the Complaint.

63.     Defendants deny each and every allegation set forth in Paragraph 63 of the Complaint.

64.     Defendants admit the allegations set forth in Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 65 of the Complaint.

66.     Defendants deny each and every allegation set forth in Paragraph 66 of the Complaint.

67.     Defendants deny each and every allegation set forth in Paragraph 67 of the Complaint.

68.     The allegations in Paragraph 68 of the Complaint set forth legal conclusions which Defendants are not required to admit or deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 68 of the Complaint.

69.     Defendants deny each and every allegation set forth in Paragraph 69 of the Complaint.

70.     Defendants deny each and every allegation set forth in Paragraph 70 of the Complaint.

71.     Defendants deny each and every allegation set forth in Paragraph 71 of the Complaint.

72.     Defendants deny each and every allegation set forth in Paragraph 72 of the Complaint.

73.     Defendants deny each and every allegation set forth in Paragraph 73 of the Complaint, except admit that Harry Poulakakos made recommendations regarding restaurant operations.

74.     Defendants deny each and every allegation set forth in Paragraph 74 of the Complaint.

75.     Defendants dcny each and every allegation set forth in Paragraph 75 of the Complaint.

76.     Defendants deny each and every allegation set forth in Paragraph 76 of the Complaint.

77.     Defendants deny each and every allegation set forth in Paragraph 77 of the Complaint.

78.     Defendants deny each and every allegation set forth in Paragraph 78 of the Complaint.

79.     Defendants deny each and every allegation set forth in Paragraph 79 of the Complaint.

80.     Defendants deny each and every allegation set forth in Paragraph 80 of the Complaint.

## JURISDICTION AND VENUE

81.     Defcndants deny each and every allegation set forth in Paragraph 81 of the Complaint, except admit that Plaintiffs allege that the Court has jurisdiction under 29 U.S.C. §§ 1331 and 1337 and 28 U.S.C. § 1367.

82.    Defendants deny each and every allegation set forth in Paragraph 82 of the Complaint, except admit that Plaintiffs allege that the Court has jurisdiction under 29 U.S.C. § 216(b).

83.    Defendants deny each and every allegation set forth in Paragraph 83 of the Complaint, except admit that Plaintiffs allege that the Court has power to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

84.    Defendants deny each and every allegation set forth in Paragraph 84 of the Complaint, except admit that Plaintiffs allege venue is proper in this Court.

## COLLECTIVE ACTION ALLEGATIONS

85.    Defendants deny each and every allegation contained in Paragraph 85 of the Complaint, except admit that Plaintiffs allege that they are bringing the First and Second Causes of Action pursuant to the FLSA, on behalf of all current and former tipped workers at Harry's who elect to opt into this action.

86.    Defendants deny each and every allegation set forth in Paragraph 86 of the Complaint.

87.    Defendants deny each and every allegation set forth in Paragraph 87 of the Complaint.

88.    Defendants deny each and every allegation set forth in Paragraph 88 of the Complaint.

89.    Defendants deny each and every allegation set forth in Paragraph 89 of the Complaint.

90.    Defendants deny each and every allegation set forth in Paragraph 90 of the Complaint.

91.     Defendants admit the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny each and every allegation set forth in Paragraph 92 of the Complaint.

93.     Defendants deny each and every allegation set forth in Paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation set forth in Paragraph 94 of the Complaint.

95.     Defendants deny each and every allegation set forth in Paragraph 95 of the Complaint.

96.     Defendants deny each and every allegation set forth in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint requires no response.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 97 of the Complaint, except admit that Plaintiffs allege that they will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

98.     Defendants deny each and every allegation set forth in Paragraph 98 of the Complaint, except admit that Plaintiffs allege that they are bringing the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action pursuant to the Federal Rules of Civil Procedure Rule 23, on behalf of all persons who work or have worked as tipped workers at Harry's Steak House in New York between July 25, 2007 and the date of a final judgment in this matter.

99.   No response is required to Paragraph 99 of the Complaint.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 99 of the Complaint, except admit that Plaintiffs allege that Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class are excluded from the Rule 23 Class.

100.   Defendants deny each and every allegation set forth in Paragraph 100 of the Complaint.

101.   Defendants deny each and every allegation set forth in Paragraph 101 of the Complaint.

102.   Defendants deny each and every allegation set forth in Paragraph 102 of the Complaint.

103.   Defendants deny each and every allegation set forth in Paragraph 103 of the Complaint.

104.   Defendants deny each and every allegation set forth in Paragraph 104 of the Complaint.

105.   Defendants deny each and every allegation set forth in Paragraph 105 of the Complaint.

106.   Paragraph 106 of the Complaint requires no response.  To the extent a response is required, Defendants admit that Plaintiffs allege that they will request payment of a service award upon resolution of this action.

13

107.   Defendants deny each and every allegation set forth in Paragraph 107 of the Complaint.

108.   The allegations in Paragraph 108 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.   To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 108 of the Complaint

## PLAINTIFFS' FACTUAL ALLEGATIONS

109.   Paragraph 109 of the Complaint requires no response. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 109 of the Complaint

110.   Defendants deny each and every allegation set forth in Paragraph 110 of the Complaint.

111.   Defendants deny each and every allegation set forth in Paragraph 111 of the Complaint.

112.   Defendants admit the allegations set forth in Paragraph 112 of the Complaint.

113.   Defendants deny each and every allegation set forth in Paragraph 113 of the Complaint.

114.   Defendants deny each and every allegation set forth in Paragraph 114 of the Complaint.

115.   Defendants deny each and every allegation set forth in Paragraph 115 of the Complaint.

116.   Defendants deny each and every allegation set forth in Paragraph 116 of the Complaint.

117.   Defendants deny each and every allegation set forth in Paragraph 117 of the Complaint.

118.   Defendants deny each and every allegation set forth in Paragraph 118 of the Complaint.

119.   Defendants deny each and every allegation sct forth in Paragraph 119 of the Complaint.

120.   Defendants deny each and every allegation set forth in Paragraph 120 of the Complaint.

121.   Defendants dcny cach and every allegation set forth in Paragraph 121 of the Complaint.

122.   Defendants deny each and every allegation set forth in Paragraph 122 of the Complaint.

123.   Defendants deny each and every allegation set forth in Paragraph 123 of the Complaint.

124.   Defendants deny each and every allegation set forth in Paragraph 124 of the Complaint.

125.   Defendants deny each and every allegation set forth in Paragraph 125 of the Complaint.

126.   Defendants admit the allegations set forth in Paragraph 126 of the Complaint.

127.   Defendants deny each and every allegation set forth in Paragraph 127 of the Complaint.

128.   Dcfendants deny each and every allegation set forth in Paragraph 128 of the Complaint.

129.   Defendants deny each and every allegation set forth in Paragraph 129 of the Complaint.

130.     Defendants deny each and every allegation set forth in Paragraph 130 of the Complaint.

131.     Defendants deny each and every allegation set forth in Paragraph 131 of the Complaint.

132.     Defendants deny each and every allegation set forth in Paragraph 132 of the Complaint.

133.     Defendants deny each and every allegation set forth in Paragraph 133 of the Complaint.

134.     Defendants deny each and every allegation set forth in Paragraph 134 of the Complaint.

135.     Defendants deny each and every allegation set forth in Paragraph 135 of the Complaint.

136.     Defendants deny each and every allegation set forth in Paragraph 136 of the Complaint.

**Rafael Aldape**

137.     Defendants deny each and every allegation set forth in Paragraph 137 of the Complaint.

138.     Defendants deny each and every allegation set forth in Paragraph 138 of the Complaint.

139.     Defendants admit the allegations set forth in Paragraph 139 of the Complaint.

140.     Defendants deny each and every allegation set forth in Paragraph 140 of the Complaint.

141.    Defendants deny each and every allegation set forth in Paragraph 141 of the Complaint.

142.    Defendants deny each and every allegation set forth in Paragraph 142 of the Complaint.

143.    Defendants deny each and every allegation set forth in Paragraph 143 of the Complaint.

144.    Defendants deny each and every allegation set forth in Paragraph 144 of the Complaint.

145.    Defendants deny each and every allegation set forth in Paragraph 145 of the Complaint.

146.    Defendants deny each and every allegation set forth in Paragraph 146 of the Complaint.

147.    Defendants deny each and every allegation set forth in Paragraph 147 of the Complaint.

148.    Defendants deny each and every allegation set forth in Paragraph 148 of the Complaint.

149.    Defendants deny each and every allegation set forth in Paragraph 149 of the Complaint.

150.    Defendants deny each and every allegation set forth in Paragraph 150 of the Complaint.

**Francisco Delarosa-Atlatenco**

151.    Defendants deny each and every allegation set forth in Paragraph 151 of the Complaint.

152.     Defendants deny each and every allegation set forth in Paragraph 152 of the Complaint.

153.     Defendants admit the allegations set forth in Paragraph 153 of the Complaint.

154.     Defendants deny each and every allegation set forth in Paragraph 154 of the Complaint.

155.     Defendants deny each and every allegation set forth in Paragraph 155 of the Complaint.

156.     Defendants deny each and every allegation set forth in Paragraph 156 of the Complaint.

157.     Defendants deny each and every allegation set forth in Paragraph 157 of the Complaint.

158.     Defendants deny each and every allegation set forth in Paragraph 158 of the Complaint.

159.     Defendants deny each and every allegation set forth in Paragraph 159 of the Complaint.

160.     Defendants deny each and every allegation set forth in Paragraph 160 of the Complaint.

161.     Defendants deny each and every allegation set forth in Paragraph 161 of the Complaint.

162.     Defendants deny each and every allegation set forth in Paragraph 162 of the Complaint.

163.     Defendants deny each and every allegation set forth in Paragraph 163 of the Complaint.

164.    Defendants deny each and every allegation set forth in Paragraph 164 of the Complaint.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

### (Brought on behalf of Plaintiffs and the FLSA Collective)

165.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 164, inclusive, as if set forth in full herein in response to Paragraph 165 of the Complaint.

166.    Defendants deny each and every allegation set forth in Paragraph 166 of the Complaint.

167.    The allegations set forth in Paragraph 167 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 167 of the Complaint.

168.    The allegations set forth in Paragraph 168 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 168 of the Complaint.

169.    The allegations set forth in Paragraph 169 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 169 of the Complaint.

170.    The allegations set forth in Paragraph 170 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 170 of the Complaint.

171.     Defendants deny each and every allegation set forth in Paragraph 171 of the Complaint.

172.     The allegations set forth in Paragraph 172 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 172 of the Complaint.

173.     Defendants deny each and every allegation set forth in Paragraph 173 of the Complaint.

174.     Defendants deny each and every allegation set forth in Paragraph 174 of the Complaint.

175.     Defendants deny each and every allegation set forth in Paragraph 175 of the Complaint.

176.     Defendants deny each and every allegation set forth in Paragraph 176 of the Complaint.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages

### (Brought on behalf of Plaintiffs and the FLSA Collective)

177.     Defendants repeat and reallege their answers and responses to Paragraphs 1 through 176, inclusive, as if set forth in full herein in response to Paragraph 177 of the Complaint.

178.     The allegations set forth in Paragraph 178 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 178 of the Complaint.

179.   Defendants deny each and every allegation set forth in Paragraph 179 of the Complaint.

180.   Defendants deny each and every allegation set forth in Paragraph 180 of the Complaint.

181.   Defendants deny each and every allegation set forth in Paragraph 181 of the Complaint.

182.   Defendants deny each and every allegation set forth in Paragraph 182 of the Complaint.

### THIRD CAUSE OF ACTION

**New York Labor Law – Minimum Wage**

**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

183.   Defendants repeat and reallege their answers and responses to Paragraphs 1 through 182, inclusive, as if set forth in full herein in response to Paragraph 183 of the Complaint.

184.   Defendants deny each and every allegation set forth in Paragraph 184 of the Complaint.

185.   The allegations set forth in Paragraph 185 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 185 of the Complaint.

186.   The allegations set forth in Paragraph 186 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 186 of the Complaint.

187.   The allegations set forth in Paragraph 187 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 187 of the Complaint.

188.   Defendants deny each and every allegation set forth in Paragraph 188 of the Complaint.

189.   The allegations set forth in Paragraph 189 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 189 of the Complaint.

190.   Defendants deny each and every allegation set forth in Paragraph 190 of the Complaint.

191.   Defendants deny each and every allegation set forth in Paragraph 191 of the Complaint.

192.   Defendants deny each and every allegation set forth in Paragraph 192 of the Complaint.

193.   Defendants deny each and every allegation set forth in Paragraph 193 of the Complaint.

194.   Defendants deny each and every allegation set forth in Paragraph 194 of the Complaint.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

195.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 194, inclusive, as if set forth in full herein in response to Paragraph 195 of the Complaint.

196.    The allegations set forth in Paragraph 196 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 196 of the Complaint.

197.    Defendants deny each and every allegation set forth in Paragraph 197 of the Complaint.

198.    Defendants deny each and every allegation set forth in Paragraph 198 of the Complaint.

199.    Defendants deny each and every allegation set forth in Paragraph 199 of the Complaint.

200.    Defendants deny each and every allegation set forth in Paragraph 200 of the Complaint.

201.    Defendants deny each and every allegation set forth in Paragraph 201 of the Complaint.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

202.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 201, inclusive, as if set forth in full herein in response to Paragraph 202 of the Complaint.

203.    Defendants deny each and every allegation set forth in Paragraph 203 of the Complaint.

204.    Defendants deny each and every allegation set forth in Paragraph 204 of the Complaint.

205.    Defendants deny each and every allegation set forth in Paragraph 205 of the Complaint.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Tip Misappropriation

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

206.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 205, inclusive, as if set forth in full herein in response to Paragraph 206 of the Complaint.

207.    The allegations set forth in Paragraph 207 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 207 of the Complaint.

208.    The allegations set forth in Paragraph 208 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 208 of the Complaint.

209.    The allegations set forth in Paragraph 209 of the Complaint set forth legal conclusions which Defendants are not required to admit nor deny.  To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph 209 of the Complaint.

210.    Defendants deny each and every allegation set forth in Paragraph 210 of the Complaint.

211.    Defendants deny each and every allegation set forth in Paragraph 211 of the Complaint.

212.    Defendants deny each and every allegation sct forth in Paragraph 212 of the Complaint.

213.    Defendants deny each and every allegation set forth in Paragraph 213 of the Complaint.

214.    Defendants dcny cach and every allegation set forth in Paragraph 214 of the Complaint.

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Unlawful Deductions From Wages

### (Brought on bchalf of Plaintiffs and the Rule 23 Class)

215.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 214, inclusive, as if set forth in full herein in response to Paragraph 215 of the Complaint.

216.    Defendants deny each and every allegation set forth in Paragraph 216 of the Complaint.

217.    Defendants deny each and every allegation set forth in Paragraph 217 of the Complaint.

218.    Defendants deny each and every allegation set forth in Paragraph 218 of the Complaint.

219.    Defendants deny each and every allegation set forth in Paragraph 219 of the Complaint.

220.    Defendants deny each and every allegation set forth in Paragraph 220 of the Complaint.

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Annual Wage Notices

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

221.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 220, inclusive, as if set forth in full herein in response to Paragraph 221 of the Complaint.

222.    Defendants deny each and every allegation set forth in Paragraph 222 of the Complaint.

223.    Defendants deny each and every allegation set forth in Paragraph 223 of the Complaint.

## NINTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Accurate Wage Statements

### (Brought on behalf of Plaintiffs and the Rule 23 Class)

224.    Defendants repeat and reallege their answers and responses to Paragraphs 1 through 223, inclusive, as if set forth in full herein in response to Paragraph 224 of the Complaint.

225.    Defendants deny each and every allegation set forth in Paragraph 225 of the Complaint.

226.    Defendants deny each and every allegation set forth in Paragraph 226 of the Complaint.

227.    Defendants deny each and every allegation set forth in Paragraph 227 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny the allegations in the WHEREFORE clause of the Complaint, (a-m inclusive), and further deny that Plaintiffs are entitled to any relief demanded therein or any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If Defendants are found to have failed to pay Plaintiffs, and/or any putative member of the purported FLSA Collective Action defined in the Complaint, any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA wage and hour laws.  Further, the actions taken or omitted by Defendants were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendants have not acted in reckless disregard of the FLSA and, accordingly, have not engaged in any willful violation of the FLSA.  By reason of the foregoing, Plaintiffs and/or any putative member of the purported FLSA Collective Action are not entitled to liquidated damages.  Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants deny that they acted unlawfully or improperly toward Plaintiffs and the putative members of the purported FLSA Collective Action defined in the Complaint.  However, with regard to any potential award to Plaintiffs and/or the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action for alleged unpaid wages, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiffs and/or putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action, and/or all obligations of Plaintiffs or putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action owed to Defendants, against any judgment that may be entered against Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants' alleged failure to pay Plaintiffs overtime wages and/or statutory minimum wage and/or tips and/or spread of hours pay was in good faith in conformity with and in reliance on administrative regulation, order, ruling, approval, interpretation, administrative practice and/or enforcement policy of, *inter alia,* the Wage and Hour Division of the United States Department of Labor.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and of each putative class member they purport to represent are barred in whole or in part by the doctrines of accord and satisfaction and payment.

**WHEREFORE,** Defendants respectfully request that this Court:

a) Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b) Deny each and every request for relief contained in Plaintiffs' Complaint;

c) Award Defendants their reasonable attorneys' fees and legal expenses;

d) Award Defendants their costs and disbursements incurred in defense of this action;

e) Award Defendants any other relief the Court deems just and proper.

PROSKAUER ROSE LLP

By: _____

Steven D. Hurd Esq.
Harris M. Mufson, Esq.
Eleven Times Square
New York, NY 10036

*Attorneys for Defendants*

Dated: New York, New York
October 11, 2013